## Stone's Estate

Before Van Dusen, P. J., Sinkler, Klein, Ladner, and Hunter, JJ.

*Harold J. Barofsky* and *M. E. Maurer*, for petitioners.

*Martin P. Snyder*, of *Morgan, Lewis & Bockius*, for respondent.

LADNER, J., February 28, 1947.—Charles F. Stone, decedent, by his will, gave the residue of his estate in trust by which the net income is presently payable to his widow, Maria. Upon her death or remarriage the income becomes payable to the children and at the death

of the survivor to the lawful issue of the children surviving in such proportions as the same would have descended to said issue if decedent's "children had died seised in equal shares and as tenants in common, absolutely."

The will gives the trustee authority "to sell at public or private sale . . . any or all of my real estate whenever in the judgment of my said trustee such sale or sales will be for the advantage of my Estate."

The trustee entered into an agreement of sale under which it agreed to convey premises, 615 Commerce Street (real estate of which decedent died seized) for the sum of $24,000, payable $9,000 in cash and a purchase money mortgage of $15,000 with interest at 4.4 percent, principal to be amortized by payments aggregating $750 per annum for 10 years.

Testator's widow, aged 86, by petition joined in by her six children, all of whom are living and are the secondary life tenants, and all of the grandchildren (nine in number) who are all the remaindermen presently in being, objects to the sale. The basis of the objection is that the real estate in question has been leased for a term of five years at a rental which nets the life tenant $1,800 per annum; that if sold her income from the trust would be reduced by $800, which would work a great hardship on the aged life tenant, who is an invalid.

It appears (see stipulation) that if the real estate were now sold, at the current income tax scale, the principal would be reduced by the sum of $2,706.89, being the capital gain tax that would have to be paid.

The trustee urges that the sale is an advantageous one because of the price and the fact that the existing buildings were erected in 1865 and that the past history of income therefrom was bad, and other cogent reasons to justify its belief in the desirability of the sale. It is clear that the trustee desires the protection of our

decree in the matter since it has afforded ample opportunity to the beneficiaries of the trust to petition the court for the order setting aside the agreement of sale.

Petitioners have very properly made the vendee a party to these proceedings by citation directed to him as well as to the trustee. He is a necessary, if not an indispensable party: Dundas' Appeal, 64 Pa. 325 (1870). The record shows he has been personally served with the citation together with copy of petition, but he has not filed an answer. Presumably, he feels that the trustee's answer covers everything he could say, so that we may take the failure to answer as the equivalent to the submission by him to such order as we may make in the premises.

We entertain no doubt of our jurisdiction or of our power to make the order prayed for. Any question concerning the same was set at rest by Dundas' Appeal, 64 Pa. 325 (1870), which rules that this court has the power to control testamentary trustees in the exercise of powers over real as well as personal estate, and may even set aside a sale after the deed has been delivered. See also Orr's Estate, 283 Pa. 476. It is true that since the Act of May 24, 1945, P. L. 944, 20 PS §§818, 819, we may no longer set aside an executed agreement of sale (not requiring approval of the court) merely because of inadequacy of consideration or because of a better offer unless for fraud, accident or mistake, but apart from this restriction our power remains the same as set forth in Dundas' Appeal, supra.

However, it is a power to be cautiously exercised for we are always disinclined to substitute our judgment for that of a trustee: Schumann's Estate, 47 D. & C. 139, but we regard each application of this kind sui generis: Sweeney's Estate, 51 D. & C. 413 (1943). In Sweeney's Estate we did restrain a sale

upon the application of the life tenant and primary remaindermen, no one but the trustee and vendee objecting. See also Miller's Estate, 4 Dist. R. 328.

In the case now before us, the present life tenant is 86 years of age. The youngest of the children, all of whom are living and are the succeeding life tenants, is 55 years of age. The nine grandchildren range in age from 21 to 36 years. True there is a possibility, but no probability, that a new grandchild might be born, and there is a possible substitutionary, now unascertainable, contingent interest should any grandchild die leaving issue before the termination of the secondary life estate. Be that as it may, we feel we have before us, for all practical purposes, actually all parties in interest, all of whom join in the petition. After all, the beneficial owners are the real owners of the property and we believe their wishes so unanimously expressed, should be respected. We so held in Sweeney's Estate, supra, and see Chrisner's Estate, 42 Pa. C. C. 162 (1913).

We have not overlooked the argument of the learned counsel for the trustee that by the language of the will the sole discretion is vested in the trustee who alone has the responsibility of determination. If this contention is meant to question our authority, we point out the power of sale here is only a discretionary power whereas in Dundas' Appeal, 64 Pa. 325, the power was mandatory, i. e., one that worked a conversion. Nevertheless it was held a sale thereunder was subject to the authority of this court to restrain or even set aside a conveyance. So, too, where a testator directs a conversion of his real estate, his devisees or legatees may nevertheless elect to take the property as real estate and thus effect a reconversion: Henderson v. Henderson, 133 Pa. 399; Lincoln et al. v. Wakefield et al., 237 Pa. 97. Why the beneficial owners of a decedent's real estate, concerning which there is only a discretion-

ary power in the trustee, should not have the same right is difficult to see.

The prayer of the petition is granted and the sale of premises, 615 Commerce Street, is restrained and the agreement of sale set aside.